108 F.3d 1378
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marshall Douglas SNELLING, Defendant-Appellant.
 No. 96-5397.
 United States Court of Appeals, Sixth Circuit.
 March 17, 1997.
 
 E.D.Ky., No. 95-00005; Henry R. Wilhoit, Jr., Judge.
 
 
 1
 E.D.Ky.
 
 
 2
 AFFIRMED.
 
 
 3
 Before: RYAN and DAUGHTREY, Circuit Judges; FRIEDMAN, District Judge.*
 
 ORDER
 
 4
 Marshall Douglas Snelling, a federal prisoner, appeals the district court's judgment upon his conviction for unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 5
 On April 19, 1995, Snelling was indicted on the single charge described above. The federal charge arose out of an incident in which Snelling kept his wife (Brenda) captive in their mobile home during a weekend in September 1994, at one time by holding a rifle to her head and threatening to kill her. Snelling was convicted of state charges of unlawful imprisonment and first degree persistent felony offender arising from that incident. The state conviction was on appeal at the time of his sentencing in the instant case. On March 4, 1996, the district court sentenced Snelling to 120 months in prison, to run concurrently to his state sentence, and three years of supervised release. This sentence was the maximum allowed by statute, and so was imposed despite the applicable guidelines sentencing range of 140-175 months for Snelling's total offense level of 28 and criminal history category of VI. The judgment was entered on March 8, 1996.
 
 
 6
 Snelling's court-appointed counsel has filed a brief on appeal, pursuant to Anders v. California, 386 U.S. 738 (1967), in which he informs this court that his review of the record has uncovered no meritorious issues to present on appeal. Nonetheless, he raises the argument that the evidence was insufficient to convict Snelling of the charge against him.
 
 
 7
 Upon review, we affirm the district court's judgment because, when the evidence and all reasonable inferences therefrom are viewed in the light most favorable to the government, a rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 324 (1979); United States v. Johnson, 71 F.3d 539, 542 (6th Cir.1995), cert. denied, 116 S.Ct. 1338 (1996). When evaluating sufficiency of the evidence, the reviewing court does not weigh the evidence, assess the credibility of the witnesses, or substitute its judgment for that of the jury. United States v. Jackson, 55 F.3d 1219, 1225 (6th Cir.), cert. denied, 116 S.Ct. 328 (1995).
 
 
 8
 Snelling does not really contest two of the three elements of the offense. First, he stipulated at trial that he had previously been convicted of a crime punishable by imprisonment in excess of one year. See United States v. Odom, 13 F.3d 949, 961 (6th Cir.), cert. denied, 114 S.Ct. 1859 and 115 S.Ct. 116 (1994). Second, the testimony of an agent of the Bureau of Alcohol, Tobacco, and Firearms established that the .22 caliber rifle which Snelling had allegedly used against his wife had been manufactured in Connecticut and had, thus, necessarily traveled in interstate commerce in order for Snelling to have possessed it in Kentucky. See United States v. Vincent, 20 F.3d 229, 236 (6th Cir.1994).
 
 
 9
 It is the third element--possession--that Snelling contests, based upon the testimony that his wife's son by a prior marriage owned the firearm and his own testimony that he never fired or otherwise used the weapon. However, the mere fact that someone else actually owned the firearm is irrelevant to possession under the statute. Instead, "[b]oth actual and constructive possession satisfy the possession element of 18 U.S.C. § 922(g)." United States v. Bingham, 81 F.3d 617, 634 (6th Cir.), cert. denied, 117 S.Ct. 250 (1996). "Constructive possession of an item is the ownership or dominion or control over the item itself, or dominion over the premises where the item is located." United States v. Hill, 79 F.3d 1477, 1485 (6th Cir.) (internal citation omitted), cert. denied, 117 S.Ct. 158 (1996); see also United States v. Clemis, 11 F.3d 597, 601 (6th Cir.1993) (per curiam) (possession may be shown by the defendant's power and intention at a given time to exercise dominion and control over a firearm, either directly or through others, or by dominion over the premises where the firearm is located), cert. denied, 114 S.Ct. 1858 (1994).
 
 
 10
 Snelling argued that his stepson owned the gun; however, testimony was offered by several witnesses that the rifle was generally kept in the bedroom Snelling shared with his wife. In addition, Brenda Snelling testified that Snelling taught her how to shoot the .22 for protection, and would take her to a local strip mine to practice. More importantly to the jury's verdict, Brenda testified that the defendant held that rifle to her head during the incident leading to Snelling's arrest. Although Snelling asserted that his ex-wife was lying and vehemently denied that the incident took place, this court may not second-guess the jury's credibility determination. See United States v. Comer, 93 F.3d 1271, 1275 (6th Cir.1996), petition for cert. filed (U.S. Nov. 8, 1996) (No. 96-6625). The jury chose to believe Brenda's testimony over Snelling's; that testimony was sufficient to establish the element of possession.
 
 
 11
 Accordingly, the district court's judgment, entered on March 8, 1996, is affirmed.
 
 
 
 *
 The Honorable Bernard A. Friedman, United States District Judge for the Eastern District of Michigan, sitting by designation